RAMSEY COUNTY MANAGER
RECEIVED

16 AUG 26 AM 8: 26

STATE OF MINNESOTA                                   DISTRICT COURT

COUNTY OF RAMSEY                                     SECOND JUDICIAL DISTRICT

CASE TYPE - Personal Injury

---

Henry Andrew Sistrunk,

                Plaintiff,

vs.                                                  **SUMMONS**

Ramsey County Sheriff Department;
Officer Bill Burkhart;
Officer Mark Mikla; Sgt. Cindy Davy;
Jane Roe 1-2 (whose true name is unknown);          Case No. _____
John Doe 1-2 (whose true name is unknown);

                Defendants.

---

THIS SUMMONS IS DIRECTED TO THE ABOVE-NAMED DEFENDANTS.

1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this Summons.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this Summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at: Jordan S. Kushner, Attorney at Law, 431 South Seventh Street, Suite 2446, Minneapolis, Minnesota 55415.

**EXHIBIT A**

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint

even if you expect to use alternative means of resolving this dispute.

Dated: August 25, 2016          LAW OFFICE OF JORDAN S. KUSHNER

         By s/Jordan S. Kushner
         Jordan S. Kushner, ID 219307
         Attorney for Plaintiff
         431 South 7th Street, Suite 2446
         Minneapolis, Minnesota 55415
         (612) 288-0545

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF RAMSEY | SECOND JUDICIAL DISTRICT |
| | CASE TYPE - Personal Injury |

Henry Andrew Sistrunk,

                Plaintiff,

vs.

Ramsey County Sheriff Department;
Officer Bill Burkhart;
Officer Mark Mikla; Sgt. Cindy Davy;
Jane Roe 1-2 (whose true name is unknown);
John Doe 1-2 (whose true name is unknown);

                Defendants.

**COMPLAINT**

<u>JURY TRIAL DEMANDED</u>

Case No. _____

Plaintiff Henry Andrew Sistrunk, for his Complaint against above-named Defendants, states and alleges as follows:

### I. INTRODUCTION

1. This is an action for damages arising out of the Ramsey County Sheriff and its officials' complete indifference to Plaintiff Henry Sistrunk's psychiatric needs and safety. Specifically, jail officials booked Plaintiff into the Ramsey County Jail on July 8, 2014 with knowledge that he suffered from mental illness and presented a suicide risk but failed to arrange for any professional mental health evaluation or obtain his needed medications. On July 12, 2014, officers left Plaintiff unwatched with his cell door open after not having him evaluated or provided his prescribed medication for four days, thereby enabling him to exit his cell and jump off the second tier. Plaintiff suffered multiple fractures to his spine and right foot, which has required multiple surgeries, ultimately resulted in the amputation of Plaintiff's right foot, and has

caused continuous extreme pain and suffering and disability.

2. Plaintiff's causes of action include violations of his constitutional rights pursuant to 42 U.S.C. § 1983, and common law claims for negligence.

## II. PARTIES

3. Plaintiff Henry Andrew Sistrunk, a 45 year old male, is a resident of Minneapolis, Hennepin County, Minnesota.

4. Defendant Ramsey County is a municipality in the State of Minnesota, whose agencies include the Sheriff's Department which operates the jail where Plaintiff was incarcerated during events relevant to this lawsuit.

5. Defendant Bill Burkhart is an officer who was employed by the Ramsey County Sheriff Department at its jail at all times relevant to this lawsuit. He was responsible for booking Plaintiff into jail and conducting a mental health screening. At all times relevant to this lawsuit, he was acting under color of state law. Defendant Burkhar is being sued in his personal capacity.

6. Defendant Mark Mikla is an officer who was employed by the Ramsey County Sheriff Department at its jail at all times relevant to this lawsuit. He was responsible for watching and supervising Plaintiff while he was in an observation cell at the jail. At all times relevant to this lawsuit, he was acting under color of state law. Defendant Mikla is being sued in his personal capacity.

7. Defendnat Sgt. Cindy Davy Defendant is an officer who was employed by the Ramsey County Sheriff Department at its jail at all times relevant to this lawsuit. She was responsible for supervising Plaintiff while he was in an observation cell at the jail. At all times

relevant to this lawsuit, she was acting under color of state law. Defendant Davy is being sued in her personal capacity.

8.     Defendants Jane Roe 1-2 and John Doe 1-2, whose true names are unknown, were employed by Ramsey County as jail officers or medical staff at times relevant to this lawsuit. They were responsible for monitoring Plaintiff or caring for his medical or mental health needs. At all times relevant to this lawsuit, they were acting under color of state law. Defendants Roe 1-2 and Doe 1-2 are being sued in their personal capacities.

### III. FACTS

9.     On or about July 8, 2014, Plaintiff Henry Sistrunk was transferred from the Hennepin County jail to the Ramsey County jail.

10.    Mr. Sistrunk has been charged in Hennpin County District Court with misdemeanor theft arising out of incident in Minneapolis on or about July 2, 2014. He was held at the Hennepin County Jail while the charge was pending. The charge was dismissed on July 7, 2014. Mr. Sistrunk was then held at the Hennepin County jail due to a warrant from Ramsey County for a charge of fleeing a police officer arising from an incident on or about June 28, 2014.

11.    During his stay at the Hennepin County Jail, Mr. Sistrunk received medical attention and care by nursing staff at the jail and medical providers at the Hennepin County Medical Center for ongoing abdominal pain, nausea and vomiting. Mr. Sistrunk and medical staff indicated that he was likely suffering symptoms of drug withdrawal.

12.    On July 6, 2014, Mr. Sistrunk slipped and fell down stairs in the jail, hitting his head and back, and required medical attention.

13.    Medical providers at the HCMC noted Mr. Sistrunk's past and recent

3

medical history of chemical dependency, and mental illness including depression, bipolar disorder and paranoid schizophrenia. The medical notes further documented a history of numerous suicide attempts by Mr. Sistrunk. In May, 2014, Mr. Sistrunk had been treated at HCMC for a drug overdose.

14. Mr. Sistrunk was given medication for his nausea and vomiting. HCMC also continued Mr. Sistrunk's medications for his mental illness, including Seroquel, Ambien and Xanax. Mr. Sistrunk had previously received ongoing psychiatric treatment for paranoid schizophrenia, where he was prescribed those medications and Addeall.

15. On or about July 8, 2014 in the late morning, Mr. Sistrunk was booked into the Ramsey County jail on a felony warrant for fleeing a police officer. The booking officer, Defendant Burkhart, conducted an intake screening pursuant to jail procedures, where he asked Mr. Sistrunk various questions about his medical and mental health history and current condition.

16. During the intake screening, Mr. Sistrunk responded "yes" to the question of whether he ever attempted suicide. According to the screening notes, Mr. Sistrunk stated that he had attempted suicide "last week - car accident." The screening form underneath the suicide questions contained instructions to call the nurse to request a suicide assessment.

17. The screening form indicates that Mr. Sistrunk answered "yes" to the question of whether he had a diagnosed mental illness, and his explanation was that he had paranoid schizophrenia, and "hears voices-depression."

18. Defendant Burkhart then conducted a "Brief Jail Mental Health Screening." Question 7 of the screening asked if the inmate is currently taking prescribed medication for emotional or mental health problems. Mr. Sistrunk responded "yes" and listed

4

Seroquel, Ambien and Zanax.

19. Question 8 of the mental health screening asked if the inmate had ever been in a hospital for emotional or mental health problems. According to the jail records, Mr. Sistrunk responded "yes," and stated that he had been treated in Hennepin County one month ago.

20. The mental health screening form contained instructions that "This detainee should receive further mental health evaluation as per policy and procedure approved by the facility health authority if he/she answered: YES" to item 7 or 8. Mr. Sistrunk did not receive any mental health evaluation despite yes answers to both of those items, and his providing of information that he suffered from paranoid schizophrenia, took medications for his conditions, had been hospitalized for mental problems as recently as a month ago, and had previously attempted suicide. Upon information and belief, Defendant Burkhart and other officers who viewed the screening form did not refer Mr. Sistrunk for a mental health evaluation.

21. Defendant Burkhart and other jail staff made no arrangements for Mr. Sistrunk to be evaluated for or receive his prescribed medications for his mental illness. Mr. Sistrunk was not given his prescribed medications or even evaluated by medical staff for medications for the next four days until he attempted suicide.

22. A booking form for Mr. Sistrunk stated in red print, "Classification: MX Special Management Suicidal."

23. Upon information and belief, Mr. Sistrunk was placed in a special unit where he was supposed to be more closely observed than other inmates.

24. During Mr. Sistrunk's incarceration on and after July 8, 2014, he

5

repeatedly made verbal requests to jail officers for his medication. Mr. Sistrunk also submitted written requests as officers advised him to do. Mr. Sistrunk was not seen by any medical or mental health provider to assess his conditions or address his already prescribed medications.

25. Mr. Sistrunk was placed in a cell on the top tier in the jail. There was only railing but no fence at the edge of the upper tier. Upon information and belief, jail procedure required two officers to be monitoring the unit where Mr. Sistrunk was located because the unit housed inmates with mental health problems and other inmates had previously jumped off the tier. One officer was stationed at a desk between the cells and the edge of the tier. Another officer was responsible for walking around and monitoring the unit.

26. On July 12, 2014, Defendant Mikla was working an afternoon shift and was assigned to the desk between the cells and railing in Mr. Sistrunk's unit. At some point after 4 pm, Defendant Mikla left the desk and the area around Mr. Sistrunk's cell. Mikla's incident report states that he went to the Sally Port to get dinner trays. Defendant Mikla did not arrange for any other guard to take his place and there were no other officers monitoring the unit when he left. Upon information and belief, the jail's policy and procedure required a guard to be stationed in that unit to watch the inmates.

27. When Defendant Mikla left the unit, he did not lock Mr. Sistrunk's cell door. Upon information and belief, jail policy and procedure required Mikla to lock Mr. Sistrunk's cell door.

28. Defendant Sgt. Davy was assigned to the housing sergeant post at the jail on the afternoon of July 12, 2014. Upon information and belief, she failed to ensure that Mr. Sistrunk's unit was adequately staffed.

6

29. At approximately 4:48 p.m., Mr. Sistrunk left his cell and approached and climbed over the railing at the edge of his tier, and jumped from his tier to the ground floor. Defendant Mikla observed Mr. Sistrunk climbing over the railing after being advised by an inmate, but was not in a position to stop Mr. Sistrunk because he was on the lower tier.

30. Mr. Sistrunk landed on his feet and the rolled to his back.

31. Officers and medical staff then tended to Mr. Sistrunk and had him transported to Regions Hospital.

32. Mr. Sistrunk suffered a spinal compression fracture to his L2 vertebrae, and multiple fractures to his right foot and ankle including but not limited to fractures to his heel bone and a Lisfranc fracture.

33. Mr. Sistrunk has required repeated and ongoing treatment for the fractures to his foot from the time of the incident to the present. He has needed multiple surgeries from the time of the incident and continuing to June, 2016.

34. Mr. Sistrunk suffered an infection to his right foot which could not be successfully treated and required amputation of his right foot in June, 2016.

35. Mr. Sistrunk is permanently disabled due to his injuries.

36. As a result of Defendants' actions, Plaintiff has suffered severe pain, disability, mental and emotional distress, embarrassment and humiliation, economic loss, and has incurred other losses and damages, altogether **in excess of** $75,000.

### IV. CAUSES OF ACTION

37. Plaintiff hereby realleges and incorporates by reference all of the facts and allegations contained in paragraphs 1 through 36 of this Complaint.

38. **COUNT 1 - VIOLATION OF 42 U.S.C. § 1983 - FOURTEENTH AMENDMENT - DEPRIVATION OF DUE PROCESS.** Defendants above-named, acting under color of state law, deprived Plaintiff Henry Andrew Sistrunk of his rights, privileges and immunities secured by the Constitution and laws of the United States, in violation of 42 U.S.C. § 1983, by committing acts in violation of the Fourteenth Amendment guarantees of Deu Process by showing deliberate indifference and other unconstitutional disregard for Plaintiff's serious medical needs and safety, including but not limited to failing to obtain or conduct an obviously necessary mental health evaluation upon admission to jail, failing and refusing to arrange for Plaintiff to receive his prescribed and necessary medications, and failing and refusing to properly monitor Plaintiff and secure him in his cell to prevent self-injury.

39. **COUNT 2 - VIOLATIONS OF 42 U.S.C. § 1983 - FAILURE TO PROPERLY TRAIN AND SUPERVISE.** Defendant Ramsey County Plaintiff Henry Sistrunk of his rights, privileges and immunities secured by the Constitution and laws of the United States, in violation of 42 U.S.C. § 1983, by failing to properly train and supervise its jail officers to respect the constitutional and other rights of its citizens, and thereby encouraged and implicitly authorized individual Defendants to violate the rights of Plaintiff. Ramsey County and its Sheriff Department, upon information and belief, has maintained an ongoing practice and custom of failing to ensure proper mental health evaluations and care for inmates, and failing to monitor mentally ill inmates to prevent self-injury.

40. **COUNT 3 - NEGLIGENCE.** Defendants, individually or through their agents, by their above-described actions, breached their duty to exercise a reasonable standard of care in dealing with Plaintiff, and acted willfully and maliciously. Defendants' failures to

8

exercised reasonable standard of care included but were not limited to failing to provide Plaintiff with a mental health evaluation, obtain his prescribed medications, and adequately monitor him by having a guard stationed in his unit and on his tier and securing him in his cell.

41. As a result of Defendants' above-described illegal and wrongful conduct, Plaintiff has suffered the damages described in paragraph 36 of this Complaint.

## V. RELIEF REQUESTED

WHEREFORE Plaintiff prays for Judgment in his favor as follows:

1. Awarding judgment in favor of Plaintiff and against the Defendants and each of them jointly and severally in an amount **in excess of** $75,000.00 as and for compensatory damages.

2. Awarding punitive damages against Defendants.

3. Awarding Plaintiff all costs and disbursements herein, and prejudgment interest.

4. Awarding Plaintiff reasonable attorney fees pursuant to 42 U.S.C. § 1988.

5. Such other and further relief as the Court may deem just and proper.

Dated: August 25, 2016                    LAW OFFICE OF JORDAN S. KUSHNER

                                                                 By   s/Jordan S. Kushner
                                                                   Jordan S. Kushner, ID 219307
                                                                   Attorney for Plaintiff
                                                                   431 South 7th Street, Suite 2446
                                                                   Minneapolis, Minnesota  55415
                                                                   (612) 288-0545

## ACKNOWLEDGEMENT REQUIRED BY MINN. STAT. § 549.211

The Plaintiff, by his undersigned attorney, hereby acknowledges that, pursuant to Minn.

9

Stat. § 549.211, costs, disbursements, and reasonable attorney and witness fees may be awarded to the opposing party in this litigation.

Dated: August 25, 2016                    By s/Jordan S. Kushner
                                          Jordan S. Kushner, ID 219307
                                          Attorney for Plaintiff